**COZEN O'CONNOR**
Melissa F. Brill, Esq. (MB 4374)
mbrill@cozen.com
45 Broadway, 16th Floor
New York, NY 10006
Tel: (212) 509-9400
Fax: (212) 509-9492
*Attorney for Defendants, Allstate Fire and Casualty Insurance Company and Allstate Insurance Company*

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
NEWARK DIVISION

| | |
|---|---|
| JANINE BANKS, individually and as Class representative on behalf of others similarly situated, | Civil Action No. 18-17117 |
| and | |
| SPINE SURGERY ASSOCIATES and AMBULATORY SURGICAL CENTER OF SOMERSET, individually and as class representatives on behalf of others similarly situated, | **NOTICE OF REMOVAL** |
| Plaintiffs, | Removed from the Superior Court of New Jersey, Sussex County, Law Division |
| vs. | |
| ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY and ALLSTATE INSURANCE COMPANY, | |
| Defendants. | |

Defendants, ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY and ALLSTATE INSURANCE COMPANY (collectively, "Allstate"), hereby remove the New Jersey state court action described below pursuant to: (i) 28 U.S.C. §§ 1367, 1441 and 1446; and (ii) the

Class Action Fairness Act of 2005 ("CAFA"), codified in pertinent part at 28 U.S.C. §§ 1332(a) and (d) and 1453.

## I. BACKGROUND

1. Plaintiffs, JANINE BANKS, SPINE SURGERY ASSOCIATES and AMBULATORY SURGICAL CENTER OF SOMERSET (collectively, "Plaintiffs"), filed this putative class action against Allstate on or about November 12, 2018, in the Superior Court of New Jersey, Law Division – Civil Part, Sussex County, docket no. SSX-L-000521-18 ("State Court Action" or "Complaint").[1]

2. Allstate was served with a Summons and the Complaint on November 12, 2018. Thus, this Notice of Removal is timely filed in accordance with 28 U.S.C. § 1446.

3. The Complaint alleges two separate classes: an "Insured Class" and a "Health Care Provider Class." (*See* Compl., Exh. 1, ¶ 33.) Plaintiffs assert individual and putative class claims.

4. Plaintiff JANINE BANKS ("Banks") asserts the State Court Action on behalf of herself and a class of allegedly similarly-situated individuals named as insureds under Pennsylvania motor vehicle policies. The policy under which Plaintiff Banks asserts her claim was issued by ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY ("Allstate Fire"). (*See, e.g.,* Compl., Exh. 1, ¶ 34.) The Complaint names both Allstate Fire and ALLSTATE INSURANCE COMPANY ("AIC") as the Defendants. Neither of these entities has responded to the Complaint.

5. The Complaint alleges six total causes of action, all of which are based on Allstate Fire's purportedly improper application of "auto medical payment fee schedules." (*Id.* ¶¶ 4, 21,

---

[1] Copies of the Complaint, Summons, and Civil Cover Sheet are attached as part of Composite Exhibit 1.

33, 50-88.) Four counts are brought on behalf of the "Insured Class": (i) breach of contract; (ii) breach of implied covenant; (iii) violations of Pennsylvania's Unfair Trade Practices and Consumer Protection Law, 73 P.S. §§ 201, *et. seq.* ("UTPCPL"); and (iv) violations of Pennsylvania's Insurance Bad Faith Act, 42 Pa. C.S.A. § 8371.  Two counts are brought on behalf of the "Health Care Provider Class": (v) "billing damages;" and (vi) unjust enrichment. (*Id.* ¶¶ 50-88.) Plaintiffs seek compensatory damages, treble damages, punitive damages, assessment of interest, and attorneys' fees and costs. (*Id.*)

6. Under 28 U.S.C. §§ 1441(a), 1446 and 1453, the Complaint is removable to this Court because the procedural requirements for removal are satisfied, and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1332(a) and (d) and 1367.

7. In accordance with 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, Allstate shall give written notice to Plaintiffs and to the Superior Court of New Jersey Law Division – Civil Part Sussex County for its filing of this Notice of Removal.

## II. GROUNDS FOR REMOVAL

8. Plaintiffs served the Summons and Complaint on November 12, 2018. This Notice of Removal has been filed within 30 days thereof, and is therefore timely under 28 U.S.C. § 1446(b).

9. Removal is appropriate to this Court as this Court corresponds to the district and division where this litigation was filed, i.e., the Superior Court of New Jersey Law Division – Civil Part Sussex County, is located in the District of New Jersey, Newark Division. *See* 28 U.S.C. § 1441(a) ("any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant … , to the district court of the United States for the district and division embracing the place where such action is pending."); *see also*

U.S. District of New Jersey, Newark Division, http://www.njd.uscourts.gov/newark-0 (last visited December 6, 2018) ("County Jurisdiction: … Sussex").

10. As required under 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served upon Allstate are attached hereto. (*See* Compl., Exh. 1.)

### III. SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332(a) AND 1367

#### A. *Complete Diversity Of Citizenship Exists*

11. Plaintiff Janine Banks is a citizen of Pennsylvania. (*See* Compl., Exh. 1, ¶ 33.)

12. Plaintiff Spine Surgery Associates and Plaintiff Ambulatory Surgical Center of Somerset are both incorporated in and have their principal places of business in New Jersey, and are citizens of New Jersey for diversity purposes. (*Id.* ¶¶ 7-8); *see also* 28 U.S.C. § 1332(c)(1).

13. Both Allstate Fire and AIC are organized under the laws of the State of Illinois, have their principal places of business in Illinois, and are citizens of Illinois for diversity purposes. (*See* Declaration of Steve Stover (Allstate Process Design Lead Consultant), Exh. 2, ¶ 3; Compl., Exh. 1, ¶¶ 9-10); *see also* 28 U.S.C. § 1332(c)(1).

14. Accordingly, under 28 U.S.C. § 1332(a), there is complete diversity of citizenship between the parties to this action.

#### B. *Amount In Controversy Requirement Is Satisfied*

15. To confer subject matter jurisdiction on this Court pursuant to 28 U.S.C. §§ 1332(a) and 1367, the amount in controversy for at least one of the named Plaintiffs must exceed $75,000, exclusive of interest and costs. *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 585-86 (2005) ("We hold that, where the other elements of jurisdiction are present and *at least one* named plaintiff in the action satisfies the amount-in-controversy requirement, § 1367 does authorize supplemental jurisdiction over the claims of other plaintiffs in the same Article III case

or controversy, even if those claims are for less than the jurisdictional amount specified in the statute setting forth the requirements for diversity jurisdiction.") (emphasis added).

16. Courts determine the amount in controversy based on a "reasonable reading" of the complaint. *See Angus v. Shiley Inc.*, 989 F.2d 142, 146 (3d Cir. 1993) ("the amount in controversy is not measured by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated."). Further, when calculating the total amount in controversy, courts include compensatory damages, punitive damages, treble damages, and attorneys' fees. *See Suber v. Chrysler Corp.*, 104 F.3d 578, 585 (3d Cir. 1997), *as amended* (Feb. 18, 1997) ("Although 28 U.S.C. § 1332 excludes 'interest and costs' from the amount in controversy, attorney's fees are necessarily part of the amount in controversy if such fees are available to successful plaintiffs under the statutory cause of action."); *Frederico v. Home Depot*, 507 F.3d 188, 198-99 (3d Cir. 2007) ("[plaintiff] is seeking punitive damages, which we must consider when calculating the amount in controversy. … We must also consider attorney's fees.") (internal citation omitted); *Kendall v. CubeSmart L.P.*, No. 15-cv-6098 (FLW) (LHG), 2015 WL 7306679, at *5 (D.N.J. Nov. 19, 2015) ("courts within this district have adopted a reasonableness approach, which utilizes the median attorneys' fee award of 30% when determining the amount in controversy.") (internal citations and quotation omitted); *Venuto v. Atlantis Motor Grp., LLC*. No. 17-cv-3363 (RBK/KMW), 2017 WL 4570283, at *3 (D.N.J. Oct. 13, 2017) (calculating the amount in controversy by adding the plaintiff's alleged compensatory damages, treble damages, and attorney's fees, and finding jurisdiction pursuant to 28 U.S.C. § 1332(a).).

17. Here, the amount in controversy exceeds $75,000 for at least one of the named Plaintiffs, as the Complaint alleges Allstate Fire underpaid Plaintiff Janine Banks's auto medical payments claim by $74,618.14, and Plaintiffs seek treble damages, punitive damages, and

attorneys' fees (including statutorily specified attorneys' fees under the UTPCPL). (Compl., Exh. 1, ¶¶ 29; *see also id.* pp. 32-33, 37.) Trebling the alleged underpayment of Plaintiff Banks's auto medical payments claim, in addition to punitive damages, and an attorneys' fee award of 30% renders an amount in controversy that easily surpasses $75,000.

18.    Accordingly, because Allstate has demonstrated that there is complete diversity of citizenship between the parties to this action, and the amount in controversy is in excess of $75,000 for at least one of the named Plaintiffs, this matter is properly removable under 28 U.S.C. §§ 1332(a) and 1367.

### IV.    SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1332(D)

19.    This case is removable, and this Court has jurisdiction over this action, under CAFA, 28 U.S.C. § 1332, 28 U.S.C. § 1441(a) and (b), and 28 U.S.C. § 1453, because (1) this is a putative class action with more than 100 putative class members, (2) there is minimal diversity among the parties; and (3) the Complaint places into controversy an amount that exceeds $5 million in the aggregate.

20.    CAFA reflects Congress's intent to have federal courts adjudicate substantial class action suits brought against out-of-state defendants. To that end, CAFA provides that class actions filed in state court are removable to federal court if they meet certain basic prerequisites. Specifically, CAFA expanded federal jurisdiction over class actions by amending 28 U.S.C. § 1332 to grant original jurisdiction where the putative class contains at least 100 class members; any member of the putative class is a citizen of a State different from that of any defendant; and the amount in controversy exceeds $5 million in the aggregate for the entire class, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d).

21. This suit satisfies all the requirements under CAFA for federal jurisdiction because (i) the putative class exceeds 100 members; (ii) members of the proposed class have a different citizenship from Allstate; and (iii) the amount in controversy exceeds $5 million. *See* 28 U.S.C. § 1332(d).

### A. *The Putative Classes Exceed 100 Members*

22. CAFA requires that the class consist of at least 100 persons. 28 U.S.C. § 1332(d)(5). That requirement is met here. Plaintiffs seek certification of the following two separate classes:

> **The Insured Class:** All Pennsylvania residents insured under motor vehicle insurance policies issued by Defendant within the Commonwealth of Pennsylvania who filed claims or had claims filed on their behalf for PIP benefits for injuries sustained in motor vehicle accident occurring within Pennsylvania, and -- (i) whose medical treatment was provided in whole or in part by health care providers – (A) located outside of Pennsylvania, and (B) who are not licensed to practice medicine or health care professional services in the Commonwealth of Pennsylvania and/or were not operating a health care facility in the Commonwealth of Pennsylvania; and (ii) whose PIP benefits for medical treatment were paid by defendant according to an application of auto medical payment fee schedules.

> **The Health Care Provider Class:** All health care providers who meet the following criteria: (i) At the time of providing health care services to an individual meeting the definition of the Insured Class they – (A) were not licensed to or practicing medical services in Pennsylvania; and (B) were not licensed to conducting or operating a health care practice or facility in Pennsylvania; and (ii) Filed a claim for payment of PIP benefits or billed for medical care and services rendered to insureds relating to an Insured Class Member's treatment for injuries sustained in a motor vehicle accident occurring within the Commonwealth; and (iii) The PIP benefits for medical treatment relating to the Insured Class Member's claim or claims were paid according to defendant's application of an auto medical payment fee schedule.

(*See* Compl., Exh. 1, ¶ 33.) While Plaintiff does not quantify the number of putative class members in the Complaint, a review of Allstate's records indicates that there are in excess of 1,000 purported members in the putative classes, as defined by Plaintiffs. (*See* Stover Decl., Exh. 2, ¶ 9.)

23. Based on the number of insurance claims alleged to be in controversy, the putative classes include more than 100 members. (*See id.*)

24. Accordingly, this matter satisfies CAFA's class-size requirement. *See Kendall*, 2015 WL 7306679, at *3 (Defendants in their notice of removal asserted that the putative class consisted of thousands of members, the court agreed, finding "that Defendants have shown by a preponderance of the evidence that the putative class exceeds 100 members.").

### B. There Is Minimal Diversity Among The Parties

25. The second CAFA requirement is minimal diversity, i.e., at least one putative class member must be a citizen of a different state than any one defendant. *See* 28 U.S.C. § 1332(d)(2).

26. As demonstrated above, Plaintiff Janine Banks is a citizen of Pennsylvania and Plaintiff Spine Surgery Associates and Plaintiff Ambulatory Surgical Center of Somerset are citizens of New Jersey. (*See supra* ¶¶ 11-12.)

27. As demonstrated above, Allstate Fire and AIC are citizens of Illinois. (*See id.* ¶ 13.)

28. Thus, there is minimal diversity, as the Plaintiffs are citizens of Pennsylvania and New Jersey, and Allstate Fire and AIC are (and were at the time of the filing of the Complaint and all times intervening) citizens of Illinois. This prerequisite of CAFA is met. *See* 28 U.S.C. § 1332(d)(2).

### C. The CAFA Amount In Controversy Is At Least $5 Million

29. CAFA requires that the amount in controversy exceed $5 million for the entire putative class in the aggregate, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d)(2).[2]

---

[2] Allstate denies that Plaintiffs, or any potential putative class member, are entitled to recover any amount from it, and Allstate believes that the actual claims at issue (if any) are much smaller in number than what is reflected in the relief sought in the State Court Action. However, Allstate provides the above calculation of the aggregate amount at issue in this case solely for the purpose of evaluating the amount in controversy under CAFA. *See Judon v. Travelers Prop. Cas. Co. of Am.*, 773 F.3d 495, 507 (3d Cir. 2014) ("An estimate of the amount recoverable should … not be based on the 'low end of an open-ended claim,' but rather on a 'reasonable reading of the value of the rights being litigated.'"); *see also Dudley v. Eli Lilly & Co.*, 778 F.3d 909, 913 (11th Cir. 2014) (quoting *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010)); *McPhail v. Deere*

30. As the United States Supreme Court has held, a defendant's notice of removal under CAFA "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014). "Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Id.* "A defendant's plausible allegations regarding the amount in controversy will … ordinarily suffice[;] however, where 'the plaintiff contests a removing defendant's showing on the amount in controversy, a court must apply a preponderance of the evidence standard to determine whether the amount in controversy satisfies CAFA's requirements." *Portillo v. Nat'l Freight, Inc.*, 169 F. Supp. 3d 585, 597 (D.N.J. 2016) (citation and internal quotation omitted); *see also Grace v. T.G.I. Fridays, Inc.*, No. 14-cv-7233 (RBK) (KMW), 2015 WL 4523639, at *7 (D.N.J. July 27, 2015).

31. In calculating whether the amount in controversy exceeds the $5 million threshold, courts include compensatory damages, punitive damages, treble damages, and attorneys' fees. *See Rossi v. Procter & Gamble Co.*, No. 11-cv-7238 (JLL), 2012 WL 12914668, at *3 (D.N.J. July 10, 2012) ("With the treble damages … the amount in controversy would … surpass[] the $5,000,000 amount-in-controversy requirement under CAFA."); *see also Kendall*, 2015 WL 7306679, at *5 ("An award of attorneys' fees must be included as part of the amount in controversy determination where such an award is provided for by statute."); *Frederico*, 507 F.3d at 198-99; *Venuto*, 2017 WL 4570283, at *3.

32. Based on Plaintiffs' allegations and legal theories, the $5 million CAFA amount in controversy requirement is satisfied.

---

*& Co.*, 529 F.3d 947, 956 (10th Cir. 2008) ("The amount in controversy is not proof of the amount the plaintiff will recover. Rather, it is an estimate of the amount that will be put at issue in the course of the litigation.").

33.     During the six-year period beginning on November 6, 2012,[3] there were approximately 1,332 first party auto medical payments claims on Pennsylvania policies underwritten by Allstate Fire and AIC, with a loss-state of Pennsylvania, where one or more medical bills were submitted for services of health care providers licensed outside of Pennsylvania. (*See* Stover Decl., Exh. 2, ¶ 9.)  According to the Complaint, an "auto medical payment fee schedule" was allegedly applied improperly to these claims.  The differential between the aggregate dollar amount submitted for payment on these claims (approximately $3,128,633) and the aggregate amount recommended for reimbursement on these claims (approximately $1,427,069) is approximately $1,701,564. (*See id.*)

34.     The Complaint additionally seeks to recover treble damages, an award of punitive damages, and statutory attorneys' fees. Consideration of these elements in connection with the estimated $1,701,564 difference between the aggregate dollar amount submitted for payment on auto medical payments claims and the aggregate amount recommended for reimbursement on auto medical payments claims yields an amount in controversy far beyond $5 million.

35.     For all the foregoing reasons, it is evident that the $5 million CAFA amount in controversy requirement is satisfied. *See e.g., Portillo*, 169 F. Supp. 3d at 597 ("Defendants' objective and factually-grounded estimates, easily meet their burden of establishing the requisite amount in controversy by a preponderance of the evidence."); *see also Kendall*, 2015 WL 7306679, at *5 (finding that the defendants have shown by a preponderance of the evidence that

---

[3] The longest statute of limitation on the causes of action alleged in the Complaint is six years. *See Strassman v. Essential Images*, No. 2:17-cv-4227-KM-JBC, 2018 WL 1251636, at *9 (D.N.J. Mar. 12, 2018) ("The Pennsylvania Unfair Trade Practices and Consumer Protection Law … has a six-year statute of limitations.") (citing *Gabriel v. O'Hara*, 534 A.2d 488, 495 (Pa. Super. Ct. 1987)).

the amount in controversy exceeds the $5 million jurisdictional threshold). Accordingly, because the CAFA prerequisites are met, this case is properly removable under CAFA.

### D. The Exceptions To CAFA Do Not Apply

36. CAFA provides two mandatory exceptions to the application of federal jurisdiction, and one discretionary exception. *See* 28 U.S.C. § 1332(d)(3)-(4). These exceptions require the presence of a non-diverse in-state defendant. *Id.* (requiring either "significant relief" to be sought from an in-state defendant (local controversy exception) or requiring the "primary defendant" to be an in-state one (home state exception)). Here, as demonstrated above, neither Allstate Fire nor AIC is an in-state defendant. Rather, both are citizens of Illinois and thus, foreign insurers. (*See supra* ¶ 13.) Therefore, the exceptions to CAFA are not applicable to this matter.[4]

37. Accordingly, because Allstate has demonstrated that all prerequisites for CAFA jurisdiction have been met and none of the exceptions apply, this matter is properly removable.

**WHEREFORE**, ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY and ALLSTATE INSURANCE COMPANY pray that this Court will consider this Notice of Removal as provided by law governing the removal of cases to this Court; that this Court will make the proper orders to achieve the removal of the State Court Action to this Court; that this Court will make such other orders as may be appropriate to effect the preparation and filing of a true record in this cause of all proceedings that may have been had in the State Court Action; and that this Court will assume full jurisdiction over this action.

Respectfully submitted this 12th day of December, 2018.

---

[4] The exceptions to CAFA would also fail for other reasons, and Allstate reserves the right to raise all defenses in the event that Plaintiffs attempt to satisfy their burden of asserting the CAFA exceptions.

LEGAL\39337202\1

By

*/s/  Melissa Brill            .      *
Melissa Brill, Esq.
(Attorney I.D. No. MB4374)
Laura B. Dowgin, Esq.
Anupama Prasad, Esq.
COZEN O'CONNOR
45 Broadway, 16th Floor
New York, NY 10006
Telephone:  (212) 509-9400
Email:  mbrill@cozen.com
Email:  ldowgin@cozen.com
Email:  aprasad@cozen.com

*Attorney for Defendants, Allstate Fire and Casualty Insurance Company and Allstate Insurance Company*

## CERTIFICATE OF SERVICE

I, Melissa F. Brill, do hereby certify that on this 12th day of December, 2018, I caused to be served, *via U.S Mail,* a true and correct copy of the foregoing **NOTICE OF REMOVAL** upon:

Charles Kannebecker, Esq.
Law Offices of Charles Kannebecker
104 West High Street
Milford, PA 18337

Christopher M. Placitella, Esq.
Michael Coren, Esq.
Eric S. Paternack, Esq.
Cohen, Placitella & Roth, P.C.
127 Maple Avenue
Red Bank, NJ 07701

                     */s/  Melissa Brill*
                     Melissa F. Brill, Esq. (MB 4374)