**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| JANINE BANKS, individually and as Class representative et al., | : : : : | |
| Plaintiffs, | : : | Civil Action No. 18-17117 (SRC) |
| v. | : : | **OPINION & ORDER** |
| ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY et al., | : : : : | |
| Defendants. | : : | |

**CHESLER, U.S.D.J.**

This matter comes before this Court on two motions: 1) the motion to dismiss the First Amended Complaint ("FAC"), pursuant to Federal Rule of Civil Procedure 12(b)(6), by Defendants Allstate Fire and Casualty Insurance Company and Allstate Insurance Company (collectively, "Allstate"); and 2) the motion to determine inapplicability of fee schedules by Plaintiffs Janine Banks, Ambulatory Surgical Center of Somerset, and Spine Surgery Associates (collectively, "Plaintiffs.")  For the reasons stated below, the first motion will be granted, and the second motion will be denied as moot.

The Complaint alleges the following facts.  Plaintiff Janine Banks is a Pennsylvania resident, insured under an automobile insurance policy issued by Defendants, who was injured in an automobile accident, and who received medical care for her injury in New Jersey from medical providers licensed in New Jersey at facilities operated by Plaintiffs Ambulatory Surgical Center of Somerset and Spine Surgery Associates.  The Plaintiff medical providers submitted

1

claims to Defendants for payment for Banks' medical care; Defendants paid reimbursement that was less than the amounts billed. The Amended Complaint asserts six claims: 1) breach of contract; 2) breach of the implied covenant of good faith and fair dealing; 3) violations of state unfair trade practices and consumer protection laws; 4) violation of state insurance bad faith act; 5) "billing damages;" and 6) unjust enrichment.

Allstate moves to dismiss the FAC on multiple grounds. First, Allstate argues that the FAC fails to state a claim for breach of contract. Plaintiffs, in opposition, contend that they have properly pled all elements for a breach of contract claim under Pennsylvania law.

There are several problems here. The first is that the FAC fails to state the core breach of contract claim with sufficient clarity. The FAC repeatedly uses the phrase, "improper fee schedules," without ever defining the term. Plaintiffs, in opposition, contend that Allstate has misunderstood the FAC and, if that is indeed the case, it may be explained by the lack of clarity in that pleading: the failure to define "improper fee schedules" appears to have resulted in Allstate's believing that what was improper was the application of Pennsylvania fee schedules to New Jersey providers. According to Plaintiffs, Allstate appears to have guessed wrong.

It is no surprise that the lack of clarity of the FAC has led to this confusion. The Court has examined the FAC and can only hazard a guess at the nature of the breach of contract claim. Do Plaintiffs claim that: 1) the contract requires payment of medical providers' usual and customary fees; 2) the providers billed Allstate for their usual and customary fees; and 3) Allstate did not pay the usual and customary fees but, instead, reduced the fees paid according to a fee schedule? This is the Court's guess. The FAC needs to be redrafted so as to clearly state the breach of contract claim.

Furthermore, even if this Court's guess about the breach of contract claim is accurate,

there are unanswered legal problems and questions. On what basis do the medical provider Plaintiffs have standing to bring a breach of contract claim against Allstate? The FAC does not allege that the providers and Allstate were parties to any contract. Next, how has Plaintiff Janine Banks pled every element of a breach of contract claim? The FAC makes no allegations that she suffered any contract injury. Clearly, the providers have alleged damages but, if they have no standing to sue for breach of contract, how is their injury legally relevant?

These problems go to the core issues in this case, as best as this Court can discern them from the FAC. This Court will not attempt to resolve the remaining issues in the motion to dismiss the FAC until the FAC has been rewritten to clarify the core dispute and to meet federal pleading requirements. Plaintiffs cite Pennsylvania law in support of their assertion that the breach of contract claim has been properly pled. Under Erie and its progeny, when exercising diversity jurisdiction, "federal courts are to apply state substantive law and federal procedural law." Hanna v. Plumer, 380 U.S. 460, 465 (1965). Federal Rule of Civil Procedure 8 sets forth the general rules of pleading. Federal courts interpret the requirements of Rule 8 by applying the pleading standard stated by the Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662, 677-80 (2009).

The motion to dismiss the FAC for failure to state a valid claim for relief will be granted, and the FAC will be dismissed without prejudice. Plaintiffs will be granted leave to replead within thirty days of the entry of this Order.

Given this decision, Plaintiffs' motion to determine inapplicability of fee schedules will be denied as moot.

For these reasons,

**IT IS** on this 14th day of May, 2019

**ORDERED** that Defendants' motion to dismiss the FAC (Docket Entry No. 15) is **GRANTED** and the FAC is **DISMISSED** without prejudice; and it is further

**ORDERED** that Plaintiffs are granted leave to replead the FAC within 30 days of the date of entry of this Order; and it is further

**ORDERED** that Plaintiffs' motion to determine inapplicability of fee schedules (Docket Entry No. 17) is **DENIED** as moot.

                                                 s/ Stanley R. Chesler
                                            STANLEY R. CHESLER, U.S.D.J.